**SULAIMAN LAW GROUP, LTD**
Alexander J. Taylor (State Bar No. 332334 )
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY P. TAYLOR, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.; and** |
| THE CREDIT PROS INTERNATIONAL CORPORATION, | **2. VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT OF 1984, CAL. CIV. CODE §1789.10 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes KIMBERLY P. TAYLOR ("Plaintiff"), by and through the undersigned, complaining as to the conduct of THE CREDIT PROS INTERNATIONAL CORPORATION ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the California

1

Credit Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code §1789.10 *et seq.,* stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), residing in Sacramento, California, which lies within the Eastern District of California.

5. Defendant is a credit repair organization that offers services to consumers for the purpose of improving such consumers' credit scores. Defendant is a corporation organized under the laws of the state of New Jersey whose principal place of business is located at 60Park Place, Suite 200, Newark, New Jersey 07102.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately February of 2021, Plaintiff was wanting to address various debts that were appearing on and negatively impacting her credit score, and so began looking into credit repair companies.

9. Upon speaking with Defendant, Plaintiff was informed that Defendant would be able to get negative information removed from Plaintiff's credit reports, and in turn improve her credit.

10. Defendant affirmatively represented to Plaintiff that she would achieve the desired improvement to her credit and assured her it would be able to get the information she wanted removed from her credit report, regardless of whether the information sought to be challenged was inaccurate or properly subject to removal.

11. Plaintiff and Defendant entered into an agreement in connection for Defendant's provision of credit repair services.

12. Plaintiff paid Defendant an upfront fee, followed by monthly payments of approximately $69 thereafter.

13. Plaintiff has maintained her payments to Defendant until the present.

14. Despite Plaintiff's maintenance of payments for years, Defendant has failed to deliver the represented results.

15. Respoondent has persistently challenging and disputing the same information, with no change or improvement to Plaintiff's credit report.

16. Upon information and belief, the reason Defendant was unable to deliver the represented results was because it was seeking to dispute information that could not reasonably be removed as it was not inaccurate or otherwise subject to removal.

17. Defendant's conduct sought to string Plaintiff along for years under the guise that results would be delivered, only for no such results to come about.

18. Furthermore, Plaintiff was compelled by Defendant to open up a credit card, despite her lack of desire to do so.

19. Defendant's contract avers that Defendant conducts business in compliance with the CROA and CCSA, however, that is simply not the case.

20. Not only did Defendant engaged in deceptive and misleading conduct, but its contract, on its face, fails to comply with the CROA.

21. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments she made to Defendant, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

**COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

23. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

25. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    **a. Violations of CROA § 1679b(a)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

27. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could

provide Plaintiff. Plaintiff was led to believe that Defendant could effectively go about disputing and removing certain information from Plaintiff's credit files. However, Defendant failed to sufficiently perform its duties despite Plaintiff making years of payments.

28. Defendant further violated the above provisions of the CROA through its deceptive conduct in disputing information which is not inaccurate or otherwise subject to removal. Upon information and belief, Defendant knows that the information is disputed is not inaccurate, or has otherwise confirmed the accuracy of information disputed after receiving the results of the disputes. Defendant's conduct in charging Plaintiff for years to remove information that could not properly be removed illustrates the deceptive and misleading nature of Defendant's conduct.

29. Similarly, Defendant violated the above provisions of the CROA when it deceptively represented to Plaintiff that the credit reporting agencies would be obligated to investigate Plaintiff's credit files in connection with Defendant's disputes. The credit reporting agencies have no obligation to respond to disputes submitted by credit repair organizations, demonstrating the deceptive nature of Defendant's conduct.

30. Furthermore, Defendant violated the above provisions of the CROA through its deceptive and misleading conduct in stringing Plaintiff along for years under the guise that results would ultimately be delivered.

31. Defendant further violated the above provisions of the CROA through its fraudulent and deceptive representations that Plaintiff's credit score would improve promptly after signing up and that information would be removed fast, despite Defendant's failure to deliver any results in that time frame.

32. Defendant further violated the above provisions of the CROA through its deceptive representation in its contract that it complies with the CROA. As discussed above and further below, Defendant has failed to comply with numerous provisions of the statute.

### b.  Violations of CROA § 1679b(b)

33. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

34. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Despite Plaintiff paying Defendant for various services, Defendant failed to perform the services it represented it would perform while simultaneously retaining Plaintiff's payments for fees it ultimately never performed. Defendant further charged Plaintiff initial up-front fees prior to performing any work for Plaintiff.

### c.  Violations of CROA § 1679c

35. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided *prior* to contracting with a consumer, and further requires those disclosures to be provided on a separate written statement pursuant to § 1679c(b).

36. Defendant violated the above provisions of the CROA through its failure to provide the requisite disclosures prior to contracting with Plaintiff and further by including the disclosures in the same document as Plaintiff's contract.

### d. Violations of CROA § 1679d

37. The CROA, pursuant to 15 U.S.C. § 1679d(a), provides that no services can be provided by a credit repair organization unless a contract that complies with the requirements is executed, and similarly that no services can be provided within three days of a consumer signing a contract. Pursuant to § 1679d(b)(4), the contract must contain "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract."

38. Defendant violated § 1679d(a) through its provision of services within the three day period of Plaintiff's signing of the contract. Upon information and belief, as Defendant signs consumers up, it similarly provides services for which it later charges.

39. Defendant further violated § §1679d(a) and (b)(4) through its provision of services in connection with a non-compliant contract. Defendant's contract fails to provide the right to cancel in the appropriate location.

WHEREFORE, Plaintiff, KIMBERLY P. TAYLOR, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ACT**

40. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

41. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

42. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

**a. Violation of CCSA § 1789.13**

9

43. The CCSA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

44. Pursuant to § 1789.13(a), a credit services organization cannot "charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the consumer."

45. Defendant violated the above provision of the CCSA in much the same way it violated § 1679b(b) of the CROA.

46. Pursuant to § 1789.13(b), a credit services organization cannot "fail to perform the agreed services within 180 days following the date the consumer signs the contract for those services."

47. Defendant violated the above provision of the CROA by failing to perform the agreed services within 180 days following the date the consumer signs the contract for those services. Upon further information and belief, Defendant engages in an effort to circumvent this regulation by having consumer re-sign contracts for the same services that were previously agreed to, which presents a violation of § 1789.13(t) and its prohibition against using "a scheme, device, or contrivance to evade the prohibitions contained in this section."

48. Pursuant to § 1789.13(h), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(i), a credit services

organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

49. As outlined above, Defendant violated the above referenced provisions of the CCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

WHEREFORE, Plaintiff, KIMBERLY P. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff' costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Date: August 31, 2023                    Respectfully submitted,

                                         By: /s/ Alexander J. Taylor
                                         Alexander J. Taylor (Bar No. 332334)
                                         **SULAIMAN LAW GROUP, LTD**
                                         2500 S. Highland Avenue, Suite 200
                                         Lombard, Illinois 60148
                                         Telephone: 331-307-7646
                                         Email: ataylor@sulaimanlaw.com
                                         *Attorney for Plaintiff*