RICHARD C. GILLER (SBN 117823)
richard.giller@gmlaw.com
RYAN DUCKETT (SBN 288750)
ryan.duckett@gmlaw.com
JAMEY R. CAMPELLONE (*Pro Hac Vice Anticipated*)
jamey.campellone@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: (480) 306-5458
Fax: (480) 306-5459
*Attorneys for The Credit Pros International Corporation*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO

| | |
|---|---|
| KIMBERLY P. TAYLOR,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CREDIT PROS INTERNATIONAL CORPORATION,<br><br>                    Defendant. | Case No. 2:23-cv-01875-TLN-AC<br><br>(Case assigned to the Hon. Troy L. Nunley)<br><br>**DEFENDANT THE CREDIT PROS INTERNATIONAL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: December 14, 2023<br>Time: 2:00 p.m. PST<br>Courtroom: 2<br>Judge: Honorable Troy L. Nunley |

   **PLEASE TAKE NOTICE** that under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rules 133 and 230, on **December 14, 2023, at 2:00 p.m. PST**, in Courtroom 2 of this Court located at 501 I Street, Sacramento, California, Defendant The Credit Pros International Corporation ("Credit Pros" or "Defendant"), by and through the undersigned attorneys, will move

to dismiss the Amended Complaint [D.E. 10] filed by Plaintiff Kimberly P. Taylor ("Plaintiff") on the basis that the Amended Complaint continues to fail to state a claim for relief.

This Motion is based upon this Notice of Motion, the incorporated Memorandum of Points and Authorities, and the entire court file and any other pleadings, evidence, or legal arguments that may be presented at the time of the hearing to the extent one is held.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff continues to seek to assert claims against Credit Pros that sound in fraud under the Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq*. ("CROA"), and the California Credit Services Organizations Act of 1984, pursuant to Cal. Civ. Code § 1789.10 *et seq.* ("CCSOA"). But to do so, as set forth in the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity to safeguard Credit Pro's reputation from improvident charges of wrongdoing. Simply put, Plaintiff continues to completely fail to allege her fraud-based claims with particularity. Accordingly, Credit Pros respectfully requests that the Court enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Amended Complaint. Because Plaintiff previously attempted to correct her pleading deficiencies vis-à-vis her Amended Complaint, but failed to do so in any substantive way, Plaintiff's fraud-based claims should be dismissed with prejudice.

## II.    STATEMENT OF FACTS

On August 31, 2023, Plaintiff filed her Complaint against Credit Pros. On September 27, 2023, Credit Pros filed a Motion to Dismiss Plaintiff's Complaint. *See* D.E. 5. Instead of responding to Credit Pros' Motion to Dismiss, or otherwise defending her Complaint, Plaintiff filed an Amended Compliant against Credit Pros. *See* D.E. 10. While Credit Pro's alleged relationship with Plaintiff was contractual in nature (Am. Compl. ¶ 13), Plaintiff's Amended Complaint seeks to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a))[1] and Cal. Civ. Code § 1789.13 (Count II(a)), based on supposed guarantees, assurances, and representations of unknown Credit Pros representatives, allegedly uttered at unknown times, and entirely devoid of meaningful, substantive context. Am. Compl., ¶¶ 9-11, 17, 20. Curiously, Plaintiff's Amended Complaint does not assert any claim pursuant to the purported agreement (notwithstanding Count II(b), which does not seek relief for breach of contract but rather pursuant to Cal. Civ. Code § 1789.17). *See* Am. Compl. ¶ 17. Instead, Plaintiff continues to allege the following barebone "guarantees" and "representations" to attempt to support her claims sounding in fraud as follows:

> 8.    In approximately February of 2021, Plaintiff was wanting to address various debts that were appearing on and negatively

---

[1] Count I continues to purport to assert additional disparate CROA violations against Credit Pros predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)), Count I(c) (predicated on 15 U.S.C. § 1679c), and Count I(d) (predicated on 15 U.S.C. § 1679d). These additional alleged CROA violations are not at issue in this Motion.

impacting her credit score, and so began looking into credit repair companies.

9.   Around the same time, Plaintiff cam across Defendant, and then spoke with a representative regarding Defendant's services.

10.  Upon speaking with Defendant, Plaintiff was informed that Defendant would be able to get negative information removed from Plaintiff's credit reports, and in turn improve her credit.

11.  Plaintiff discussed the issues she wanted addressed and removed from her credit reports, and Defendant affirmatively represented to Plaintiff that she would achieve the desired improvement to her credit and that the negative information would be removed.

. . .

13.  Finding the nature of Defendant's representations desirable and believing that Defendant would be able to get the desired information removed, Plaintiff and Defendant entered into an agreement in connection for Defendant's provision of credit repair services.

. . .

16.  Despite Plaintiff's maintenance of payments for years, Defendant has failed to deliver the represented results or services.

. . .

20.  Defendant's conduct sought to string Plaintiff along for years under the guise that results would be delivered, only for no such results to come about.

. . .

28.  Defendant violated [15 U.S.C. 1679(a)(3)-(4)] through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. When Plaintiff was signing up for Defendant's services, a representative of Defendant represented to Plaintiff that, in exchange for upfront and monthly

payments, Defendant's services would ultimately result in the removal of negative credit information and the improvement of Plaintiff's credit. However, this representation was false and misleading. Despite Plaintiff making years of payments, Defendant failed to get the represented information removed or otherwise deliver the represented improvement to Plaintiff's credit. There was no meaningful improvement to Plaintiff's credit as a result of Defendant's services and Defendant failed to get the information removed despite repeatedly disputing such debts for years. As such, Defendant deceptively and misleadingly [sic] the results that Plaintiff could experience and did so in order to induce Plaintiff to sign up and to continue making payments for years under the false belief that information would be removed and her credit would improve. Plaintiff was led to believe by Defendant that Defendant's services would ultimately be beneficial to Plaintiff, despite failing to deliver that benefit.

29.   Defendant further violated [15 U.S.C. 1679(a)(3)-(4)] through its deceptive conduct in disputing information which is not inaccurate or otherwise subject to removal. When Plaintiff and Defendant initially spoke regarding the services, Plaintiff explained to Defendant's representative and identified the information she wanted to have disputed through Defendant's program. Through such conversations and subsequent dealings, Defendant knew, or at the very least should have known, that the information it was disputing was not inaccurate or otherwise was unlikely to be removed though its disputes. However, Defendant nevertheless represented to Plaintiff that such accurate information would be removed from Plaintiff's credit through its disputes, and proceeded to dispute this accurate information for years (further illustrating the futility of Defendant's services). Defendant thus deceptively and misleadingly represented the extent of information that it could reasonably have removed from Plaintiff's credit reports, and did so in order to mislead Plaintiff into believing that Defendant would be able to remove information it could not properly or lawfully dispute.

30.   Similarly, Defendant violated [15 U.S.C.] 1679(a)(4) through its deceptive conduct in disputing the same debts, with the same disputes, for years. Defendant, throughout the life of the parties' dealings, repeatedly submitted disputes challenging the same

debts. Upon information and belief, Defendant was notified by the credit reporting agencies that the information being disputed was accurate. Similarly, the fact that Defendant repeatedly disputed the same information, yet failed to get it removed, should have shown to Defendant that it would be unable to get the information removed. However, Defendant persisted in disputing these same debts for years, all the while collecting Plaintiff's monthly payments. Defendant's conduct constitutes a fraud or deception, or at least an attempt to commit a fraud or deception, as Defendant deceptively persists in a futile course of disputes in exchange for consumers' continued monthly payments.

31.    Defendant further violated [15 U.S.C. 1679(a)(3)-(4)] through its deceptive representations that Defendant shall comply with the CROA and CCSA in connection with its services. In the contracts entered between the parties, Defendant avers that it 'shall conduct business in accordance with the provision of the Credit Repair Organizations Act, as well as CA Civ. Code §§ 1789.15(b), (c) and all other appliable laws.' However, it is clear that Defendant does not comply with the CROA and CCSA. Aside from Defendant's deceptive and misleading conduct, Defendant plainly failed to comply with the technical requirements of CROA or the CCSA in connection with its dealings with Plaintiff. Defendant makes this false and deceptive representation in an attempt to convince consumers that Defendant is a lawfully compliant company so as to not only (falsely) bolster their legitimacy and credibility in Plaintiff's and consumers' minds, but to similarly convince Plaintiff and consumers that any effort to vindicate their rights under such consumer protections statutes would be futile given Defendant's purported compliance therewith. At the very least, Defendant's representations in this regard are an attempt to commit a fraud and deception on consumers regarding the purported lawfully compliant nature of Defendant's services.

. . .

50.    As outlined above, Defendant violated the above referenced provisions of the CCSOA in much the same way it violated 15 U.S.C. 1679(a)(3)-(4).

There are no pertinent allegations elaborating or otherwise providing specificity to those reflected above.

## III.   STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008); *Arnold v. Loancare, LLC*, 120CV00189NONEEPG, 2021 WL 325664, at *4 (E.D. Cal. Feb. 1, 2021), *report and recommendation adopted*, 120CV00189NONEEPG, 2021 WL 1089885 (E.D. Cal. Mar. 22, 2021). In deciding such a motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his/her claims that would entitle him/her to relief. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Monji v. Cnty. of Kern*, 119CV01526LJOJLT, 2020 WL 4676649, at *2 (E.D. Cal. Aug. 12, 2020); *Calayag v. Potter*, CIVS050086LKKPANPS, 2005 WL 8176755, at *1 (E.D. Cal. Dec. 1, 2005).

Federal Rule of Civil Procedure 9 provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is "supplemental" to the *Iqbal* pleading standards. *See e.g., Hoggan v. Specialized Loan Servicing, LLC*,

221CV01862TLNCKD, 2022 WL 4291421, at *6 (E.D. Cal. Sept. 16, 2022). The Ninth Circuit interprets "particularity" as requiring plaintiffs to specify (1) the statements contended to be fraudulent, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007); *see e.g., Lopez v. Booz Allen Hamilton, Inc.*, 220CV01310JAMJDP, 2020 WL 7342396, at *2 (E.D. Cal. Dec. 14, 2020) (finding that the plaintiff failed to satisfy Rule 9(b)'s particularity requirement to plead who, what, when, how, and why); *Hoggan*, 2022 WL 4291421, at *6 (same); *Tatung Co., Ltd. v. Hsu*, SACV131743DOCANX, 2015 WL 11089493, at *12 (C.D. Cal. Oct. 22, 2015) (same). Dismissal of a fraud claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

## IV.    ARGUMENT

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4) and Cal. Civ. Code § 1789.13, which state, respectively:

> No person may make or use any **untrue or misleading representation** of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3) (emphasis added).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a **fraud or deception** on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(4) (emphasis added).

> Make or use **untrue or misleading representations** in the offer or sale of the services of a credit services organization, including either of the following:
>
> (1) **Guaranteeing or otherwise stating** that the credit services organization is able to delete an adverse credit history, **unless the representation** clearly discloses, in a manner equally as conspicuous as the guarantee, that this can be done only if the credit history is inaccurate or obsolete and is not claimed to be accurate by the creditor who submitted the information.
>
> (2) **Guaranteeing or otherwise stating** that the credit services organization is able to obtain an extension of credit, regardless of the consumer's previous credit problems or credit history, **unless the representation** clearly discloses, in a manner equally as conspicuous as the guarantee, the eligibility requirements for obtaining an extension of credit.

Cal. Civ. Code § 1789.13(h) (emphasis added).

> Engage, directly or indirectly, in an act, practice, or course of business that **operates or would operate as a fraud or deception** upon a person in connection with the offer or sale of the services of a credit services organization.

Cal. Civ. Code § 1789.13(i) (emphasis added).

"[I]t cannot be seriously disputed that [claims pursuant to 15 U.S.C. § 1679(b)(a)(3)-(4)] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*,

390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Services, LLC*, 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga. Mar. 27, 2006); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively on defendant['s] allegedly 'misleading and deceptive conduct[, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912. And because the fraud-based CCSOA claims Plaintiff seeks to assert against Credit Pros substantially track the language contained in the fraud-based CROA claims Plaintiff seeks to assert against Credit Pros,[2] such fraud-based CCSOA claims must also fall within the scope of Rule 9(b).

Here, the Amended Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon purported guarantees and deception as to the nature of the credit repair services that Credit Pros allegedly provided Plaintiff, as well as Credit Pros' purported representation that its services would be able to get negative information removed from Plaintiff's credit reports, and in turn improve her credit in asserting her fraud-based CROA and CCSOA claims. Am. Compl., ¶ 11. But

---

[2] Indeed, Plaintiff's allegations in support of her fraud-based CCSOA claims mirror her allegations in support of her fraud based CROA claims. *See* Am. Compl. ¶ 50 ("Defendant violated [Cal. Civ. Code § 1789.13(h) & (i)] in much the same way it violated 15 U.S.C. 1679(a)(3)-(4).").

Plaintiff's reliance is misplaced because her Amended Complaint continued to noticeably fail to allege the circumstances constituting fraud with any particularity as required by Rule 9(b). Indeed, the Amended Complaint fails to allege, *inter alia*:

1.  the identity of the speaker(s) and such speaker's relationship to Credit Pros, *see* Am. Compl., ¶¶9 ("then spoke with a representative regarding Defendant's services"), 10 ("Plaintiff was informed that Defendant . . ."), 28 ("Defendant violated [15 U.S.C. 1679(a)(3)-(4)] through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff);

2.  when the statements were made, *see* Am. Compl., ¶¶ 8 ("In approximately February of 2021 . . ."), and 9 ("Around the same time . . . ");

3.  where the statements were made, *see* Am. Compl., ¶ 10 ("Upon speaking with Defendant.");

4.  how the statements were made, *see, generally,* Am. Compl.;

5.  how the statements were false, *see, generally,* Am. Compl.;

6.  the intent of the speaker when making the statements, *see, generally,* Am. Compl.; and

7.  the complete content and context of the statements, *see, generally,* Am. Compl.

These are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves "safeguard defendant's reputation and goodwill from improvident charges of wrongdoing." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 767 (2d Cir. 1991)); *see also Steves*

*& Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *3 (W.D. Tex. May 25, 2007).

At its core, the Amended Complaint continues to allege someone(s) made some representation(s) at some time(s) from some location(s) in some medium(s) that Credit Pros could somehow "improve[] [Plaintiff's] credit" and be able to get "negative information removed" from Plaintiff's credit reports, but "Defendant failed to perform the services or deliver the results in the timeframe represented." Am. Compl., ¶¶ 11, 17. This does not come close to complying with Rule 9(b)'s heightened pleading standard. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("particularity" requires specificity concerning (1) the statements contended to be fraudulent, (2) identify the speaker, (3) when and where the statements were made, and (4) explain why the statements were fraudulent). As a result, this Court should enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Amended Complaint, this time with prejudice.

## V.   CONCLUSION

Plaintiff's fraud based CROA and CCSOA claims (Count I(a) and Count II(a)) recite the respective statutory language at issue while using "buzz words," but still noticeably fail to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). As a result, such claims should be dismissed with prejudice.

**WHEREFORE**, Defendant, The Credit Pros International Corporation, respectfully requests this Court enter an Order granting the instant Motion, dismissing Plaintiff's Amended Complaint [D.E. 10], and granting any such further and other relief in favor of Credit Pros as this Court deems just and proper.

Dated: October **25**, 2023        /s/Ryan Duckett
                                    RICHARD C. GILLER
                                    RYAN DUCKETT

                                    *Attorneys for The Credit Pros International Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this **25th** day of October, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    /s/Ryan Duckett
                                    RICHARD C. GILLER
                                    RYAN DUCKETT