UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY P. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>THE CREDIT PROS INTERNATIONAL CORPORATION,<br><br>Defendant. | No. 2:23-cv-01875-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant The Credit Pros International Corporation's ("Defendant") Motion to Dismiss. (ECF No. 12.) Plaintiff Kimberly P. Taylor ("Plaintiff") filed an opposition (ECF No. 14), and Defendant filed a reply (ECF No. 15). For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged contract to repair a credit score. Defendant is a credit repair organization that offers services to consumers to repair or improve their credit scores. (ECF No. 10 at 2.) Plaintiff is a consumer who resides in Sacramento, California. (*Id.*)

Plaintiff alleges she began looking into credit repair companies "in approximately February of 2021" and contacted Defendant around that time to inquire about its services. (*Id.* at 3.) Defendant purportedly assured Plaintiff that it could get Plaintiff's negative information removed from her credit reports and improve her overall credit score. (*Id.*) Relying on Defendant's representations, Plaintiff entered into an agreement with Defendant where Defendant promised to remove negative information from Plaintiff's credit reports in exchange for a one-time fee and monthly payments of $69.00.[1] (*Id.* at 3–4.) Plaintiff alleges she maintained making payments to Defendant until at least August 2023, but Defendant failed to keep its end of the bargain. (*Id.* at 4.)

According to Plaintiff, Defendant required Plaintiff to sign additional contracts for the same services, despite failing to deliver the results it promised in the timeframe Defendant represented. (*Id.*) Plaintiff believes Defendant strung her along "for years under the guise that results would be delivered, only for no such results to come about." (*Id.*)

In August 2023, Plaintiff commenced this action against Defendant, alleging two causes of action: (1) violation of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq.; and (2) violation of the California Credit Services Act of 1984 ("CCSA"), Cal. Civ. Code § 1789.10 et seq. (ECF No. 1.) On October 11, 2023, Plaintiff filed the operative First Amended Complaint ("FAC") against Defendant, realleging the same two causes of action — violations of CROA and CCSA. (ECF No. 10.)

///

---

[1] Plaintiff does not specify when the agreement was entered into, how much the one-time fee was, or how many monthly payments were made to Defendant. Moreover, Defendant disputes that Plaintiff entered into a contract with it. (ECF No. 17 at 1 n.2.) However, at the motion to dismiss stage, all well-pleaded factual allegations must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).

On October 25, 2023, Defendant filed the instant motion to dismiss the FAC under Federal Rules of Civil Procedure ("Rule" or "Rules") 9(b) and 12(b)(6). (ECF No. 12.) Plaintiff filed an opposition, and Defendant filed a reply. (ECF Nos. 14, 15.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz*, 405 U.S. at 322. A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences

3

1  are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355

2  F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the

3  plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

4  in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

5  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

6  Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

7  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

8  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

9  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

10 680. While the plausibility requirement is not akin to a probability requirement, it demands more

11 than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility

12 inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

13 experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or

14 her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

15 dismissed. *Id.* at 680 (internal quotations omitted).

16 In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

17 thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

18 *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

19 *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

20 *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

21 allegations that contradict matters properly subject to judicial notice).

22 If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

23 amend even if no request to amend the pleading was made, unless it determines that the pleading

24 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

25 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

26 *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

27 denying leave to amend when amendment would be futile).

28 ///

### III. ANALYSIS

Plaintiff's CROA and CCSA causes of action include allegations that Defendant engaged in fraud.[2] (*See* ECF No. 10 at 5–13.) Defendant moves to dismiss these claims for failure to comply with the heightened pleading requirements of Rule 9(b).[3] (ECF No. 12.)

As noted above, Rule 8(a)(2) simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "However, Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud … .'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). The Ninth Circuit has interpreted Rule 9(b)'s particularity requirement "to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). To accomplish this, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

Defendant contends Plaintiff's FAC fails to allege: (1) the identity of the speaker or speakers and the speaker's relationship to Defendant; (2) when the alleged fraudulent or false statements were made; (3) where the alleged fraudulent or false statements were made; (4) how the alleged fraudulent or false statements were made and how they are false; (5) the intent of the speaker when making the statements; and (6) the complete content and context of the statements. (ECF No. 12 at 11.) In opposition, Plaintiff argues she has sufficiently alleged Defendant's purported fraudulent conduct with particularity. (ECF No. 14.) Specifically, Plaintiff contends the FAC clearly demonstrates: (1) the "who" because Plaintiff identified the speaker as Defendant

---

[2] Because both causes of action are fraud claims that rely upon the same set of facts, the Court addresses them together.

[3] The parties do not dispute the FAC is subject to the heightened pleading requirements of Rule 9(b). (*See* ECF No. 12 at 8–10; ECF No. 14 at 4.)

1  or a representative of Defendant; (2) the "what" and "how" because Plaintiff "identifies the
2  specific statements made, or otherwise identifies the deceptive and misleading course of conduct,
3  and how [the statements] were deceptive or misleading"; (3) the "when" because Plaintiff alleges
4  she "spoke with Defendant and first signed up for services in approximately February of 2021";
5  and (4) the "where" because Plaintiff identifies herself as a resident of Sacramento, California,
6  which is where the events or omissions giving rise to the claims occurred.  (ECF No. 14 at 5–8.)
7        The Court finds Plaintiff's allegations fail to satisfy the heightened pleading requirements
8  of Rule 9(b).  While Plaintiff's allegations may plausibly state a claim for relief under Rule 8, the
9  allegations fail to provide the level of specificity required to give Defendant "notice of the
10  particular misconduct which is alleged to constitute the fraud charged so that [Defendant] can
11  defend against the charge and not just deny that [it has] done anything wrong." *Neubronner*, 6
12  F.3d at 671.  For example, Plaintiff alleges she began looking into credit repair companies in
13  "approximately February of 2021" and spoke to Defendant, or a representative from Defendant,
14  "around [that] same time … ."  (ECF No. 10 at 3.)  These allegations are insufficient to establish
15  a temporal timeline (i.e., the "when") under Rule 9(b).  *See, e.g.*, *Lopez v. Booz Allen Hamilton,*
16  *Inc.*, No. 220CV01310JAMJDP, 2020 WL 7342396, at *3 (E.D. Cal. Dec. 14, 2020) (plaintiff
17  failed to establish the "when" by alleging misconduct occurred in "late 2018").  Likewise, these
18  allegations fail to identify who made the allegedly false or fraudulent representations.  Plaintiff's
19  generalized assertion that Defendant or one of its representatives communicated the false
20  statements is insufficient.  *Id.* (plaintiff failed to identify who assured him the hours would be 9–
21  5); *Kearns*, 567 F.3d at 1126 ("Kearns does not, however, specify who made this statement … .").
22  The same deficiencies exist for the other criteria, and thus, Plaintiff has failed to plead fraud with
23  particularity.
24        Accordingly, the Court DISMISSES Plaintiff's FAC with leave to amend.  Any amended
25  complaint should clearly specify "'the who, what, when, where, and how' of the misconduct
26  charged." *Vess*, 317 F.3d at 1106.
27  ///
28  ///

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 12) and DISMISSES Plaintiff's FAC with leave to amend.  Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order.  Defendants shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.  If Plaintiff opts not to file an amended complaint, the Clerk of Court will close this matter.

IT IS SO ORDERED.

Date:  July 10, 2024

_____
Troy L. Nunley
United States District Judge